Minute Order Form (06/97)



# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 97 C R 415-1 <br> 01 C 1243 | DATE | May 9, 2001 |
| CASE TITLE | | United States v. Lorefice | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The Motion of the Defendant for Resentencing Pursuant to 28 U.S.C. Section 2255 is procedurally defaulted for failure to raise the issues on direct appeal. Defendant has shown neither cause for nor prejudice from the failure to appeal. The Section 2255 motion is denied. ENTER MEMORANDUM OPINION AND ORDER.

(11) x [For further detail see order (on reverse side of/attached to) the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | MAY 14 2001 date docketed | 8 |
| | Notified counsel by telephone. | ED-7 FILED FOR DOCKETING 01 MAY 11 PM 4:38 | docketing deputy initials | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | | |
| | Copy to _____ | | date mailed notice | |
| KAM | courtroom deputy's initials | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

01 c 1243

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 97 CR 415 |
| | ) | |
| | ) | Judge John F. Grady |
| SALVATORE LOREFICE, | ) | |
| | ) | |
| Defendant. | ) | |

**DOCKETED**

**MAY 1 4 2001**

## MEMORANDUM OPINION AND ORDER

The defendant Salvatore Lorefice has filed a motion pursuant to 28 U.S.C. § 2255 seeking a resentencing on the basis that this court's ignorance of his mental dysfunction and alcoholism deprived him of due process. Specifically, Lorefice argues that, had the court known of his alcoholism and mental dysfunction, it might have granted him a downward departure, or at least sentenced him at a lower point in the guideline range. Moreover, had the court made a finding that Lorefice is an alcoholic he believes he might be eligible for a one year's reduction in his term of imprisonment upon completing a drug treatment program, pursuant to 18 U.S.C. § 3621(e)(2)(B).

Neither at the time of sentencing nor on direct appeal did Lorefice raise any question about alcohol dependency or mental dysfunction or suggest that this court did not have all information necessary to determine an appropriate sentence.

The government's response to Lorefice's motion is that it is procedurally defaulted for his failure to show cause why he did not raise these matters on direct appeal and failure to show prejudice from the failure to raise them.

The government points out that Lorefice was specifically asked about alcohol usage during the presentence investigation, and he denied that he had abused alcohol at any relevant time:

> The defendant stated that he has never experimented with illicit drugs, including marijuana. He indicated that he formerly was a frequent drinker of alcohol; however, he stopped drinking approximately ten years ago. A urine sample for drug screening was provided by the defendant on March 6, 1998, and was negative for illicit drugs.

Presentence Investigation Report at 11, ¶ 44.

Neither was the probation officer given any indication of the "mental dysfunction" Lorefice now claims:

> The defendant stated that he had no family history of mental or emotional illness. He appeared to have a full understanding of the charges against him, and an ability to deal with the outcome of this case. However, during an interview with this writer, Mr. Lorefice stated that he has been "a wreck" due to the three-year ordeal involving the investigation and prosecution of this case. The defendant stated that while he probably could have benefitted by some type of support counseling over the past three years, he did not seek out such. However, Mr. Lorefice denied experiencing any serious depression or suicidal ideation.

Presentence Investigation Report at 10-11, ¶ 43.

The evidence defendant now submits in support of his claim of alcohol dependence and mental impairment consists of the psychiatric report of Peter M. Fink, M.D., dated October 16, 2000,

and a report to Dr. Fink from psychologist Orest Eugene Wasyliw, Ph.D., dated August 1, 2000. These reports were prepared to support the Section 2255 motion and are based upon interviews and testing done in connection with the motion.

## DISCUSSION

In his reply brief, Lorefice does not argue that he is not required to show cause and prejudice. He argues that he has done so. The cause for his failure to raise his alcohol dependency earlier was the ineffectiveness of his counsel during the presentence investigation and at sentencing. The prejudice from that ineffective assistance is that a mitigating factor that might have resulted in a lesser sentence was not considered by this court, or on appeal, and, now that Lorefice is in prison, he is ineligible for a reduction in prison time he might receive if he could enter a drug treatment program.

We will deal with the questions of ineffectiveness and prejudice in turn.

## INEFFECTIVENESS

Lorefice blames his lawyers for failure to warn him that he should tell the probation officer about any alcohol problem he had. We agree with the government that this is exactly the argument that was rejected by the Seventh Circuit in <u>United States v. Delgado</u>, 936 F.2d 303 (7th Cir. 1991), <u>superseded by statute on other grounds as stated in</u> <u>United States v. Thompson</u>, 944 F.2d 1331, 1347 (7th

Cir. 1991). Delgado received a two-level upward adjustment for obstruction of justice in falsely denying to the probation officer that he had been using drugs while on pre-trial release. Id. at 305. His Section 2255 motion was summarily denied, and, on appeal, he argued that his attorney had been deficient in failing to warn him that he should disclose all drug use. Id. at 310. The Court made short work of the argument:

> Acceptance of Delgado's position would lead to a *per se* requirement that attorneys anticipate that their clients will be ignorant of the very basic obligation to be truthful with the court's probation office. It is a ridiculous argument that an attorney is required to warn his client of this obvious duty.

Id. We find, therefore, that Lorefice has failed to show cause for his failure to raise the matter of his alleged alcohol dependency on direct appeal.

We note also that there was nothing in the evidence at trial that suggested Lorefice was incapacitated in any way due to the use of alcohol or any other substance. The evidence was that he operated efficiently, gave the orders and was the dominant personality in the operation of the business and in the conduct of the fraudulent scheme. There was nothing that should have alerted defense counsel to a possible alcohol problem, let alone any reason he should have warned Lorefice to be candid about alcohol in his interview with the probation officer.[1]

---

[1] In fact, we do not assume that Lorefice was lying to the probation officer. The materials submitted in support of his Section 2255 motion contain no reference to any objective evidence, such as medical records, of any alcohol

As to his alleged mental dysfunction, Lorefice does not argue that his attorneys were negligent in failing to learn of it and argue it at sentencing. There was no medical history of it, no treatment and nothing whatsoever in Lorefice's behavior to suggest any kind of mental problem. Again, neither the evidence at trial nor the facts developed during the presentence investigation raised any question as to Lorefice's mental competence. The present evidence emerges full-blown from the interviews and testing conducted in connection with this Section 2255 motion.

We conclude that Lorefice has failed to show any cause for his failure to raise the matter of his alleged alcohol dependency on direct appeal. As the government points out, direct appeal was the time to raise the issue because the defendant was aware of it at that time. See <u>United States v. Theodorou</u>, 887 F.2d 1336, 1339 (7th Cir. 1989).

### PREJUDICE

The second element defendant must establish in order to make out an ineffective assistance claim is that he suffered "prejudice" as a result of the errors:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

---

problem that would have anything to do with the offenses in this case. The conclusions of the psychiatrist and the psychologist in this regard are based largely on Lorefice's own self-serving statements made to them at this late date.

Strickland v. Washington, 466 U.S. 668, 694 (1984). Lorefice fails to make this showing. Had he submitted the same psychiatric and psychological reports at the time of sentencing, we have no reason to believe that his sentence would have been any different than the one that was imposed. The conclusions of these retained experts are, in our view, not supported by the data upon which they rely. The conclusions are strained, and largely ignore the test data that is inconsistent with the theory that Lorefice's offense conduct was influenced by alcohol dependence or an impairment in mental capacity. Certainly they ignore the evidence taken at the lengthy trial. Instead, these experts give credence to Lorefice's own self-serving statements to them. For instance, on the fundamental question of whether Lorefice understood that his conduct was unlawful, Dr. Fink concludes:

> Mr. Lorefice believed himself entitled, on the advice of his accountant, to the benefit because he (in fact it was his wife's company) had paid large premiums to the companies. Consequently, Mr. Lorefice believed that he had the right, having paid the appropriate fee, to benefit from the impending death of family members and individual[s] company employees.

Fink Report of October 16, 2000, p. 4. The "accountant" referred to in this passage, is, of course, the co-defendant Noordin Lakhani, who denied at trial that he gave Lorefice any such advice and whose testimony the jury apparently believed. Certainly this court believed it. The idea that Lorefice thought he was acting lawfully is belied by other facts in the case as well, including

his shredding of documents when he learned of the FBI investigation and his request of co-defendant Lakhani that Lakhani "take the fall" for him.

There is no reasonable probability that, had the materials submitted in support of the present motion been presented to the court at the time of sentencing, the sentence would have been any different. Accordingly, Lorefice has suffered no prejudice from the fact that the court did not consider those materials, or anything of similar tenor, at the time of sentencing.

## **CONCLUSION**

The Motion of the Defendant for Resentencing Pursuant to 28 U.S.C. Section 2255 is procedurally defaulted for failure to raise the issues on direct appeal. Defendant has shown neither cause for nor prejudice from the failure to appeal. The Section 2255 motion is denied.

Date:     May 9, 2001

ENTER:    _____
          John F. Grady, United States District Judge